Filed 1/24/22  P. v. Mendoza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MANUEL ANTONIO MENDOZA,<br><br>    Defendant and Appellant. | H048031<br>(Santa Clara County<br>Super. Ct. No. EE014970 ) |

In 2020, the Secretary of the California Department of Corrections and Rehabilitation recommended that the trial court recall defendant Manuel Antonio Mendoza's 23-year state prison sentence under former Penal Code section 1170, subdivision (d)[1] and resentence him in light of a recent amendment to the law. Defendant's sentence was imposed in 2001 following his conviction by a jury of carjacking and other offenses and his admission to various enhancement allegations. The term includes a consecutive five-year enhancement for a prior serious felony conviction.  That enhancement was mandatory at the time defendant was sentenced; following a 2018 change in the law (Senate Bill No. 1393) it is discretionary.  The trial court declined to recall defendant's sentence, reasoning that Senate Bill No. 1393 does not apply to final judgments.

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

On appeal, defendant contends the trial court erred by refusing to exercise its discretion and denied him due process by failing to allow him an opportunity to be heard on the issue. Alternatively, defendant contends he is entitled to reconsideration in light of new legislation (Assembly Bill No. 1540), which changed the procedural and substantive law governing recall and resentencing recommendations. The Attorney General filed a concession brief in which he asserts that it is in the interest of judicial efficiency to remand the case to the trial court for reconsideration under the new law.

We shall reverse and remand with instructions.

## I. BACKGROUND

The underlying facts are not relevant to this appeal. Accordingly, we do not summarize them here.

In 2001, a jury convicted defendant of carjacking (§ 215; count 1), unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a); count 2), and misdemeanor battery (§ 242; count 4). Defendant admitted allegations that he had suffered a prior strike conviction (§§ 667, subds. (b)-(i), 1170.12) and a prior serious felony conviction (§ 667, subd. (a)), had served a prior prison term (§ 667.5, subds. (a) and (b)), and had been out of custody on bail at the time he committed counts 1 and 2. The trial court sentenced defendant to 23 years in state prison. That term included a consecutive five-year enhancement under section 667, subdivision (a)(1) for the prior serious felony conviction.

In early 2020, the Secretary of the California Department of Corrections and Rehabilitation (CDCR) sent a letter to the trial court recommending that, pursuant to section 1170, subdivision (d), defendant's sentence be recalled and that he be resentenced. The letter explained that the recommendation "provide[d] the court with authority to resentence" defendant; that section 1170, subdivision (d) allows resentencing "in the same manner as if [the defendant] had not previously been sentenced"; and that, unlike when defendant was sentenced, the law now permits courts "to exercise their

2

discretion to strike prior serious felony convictions for purposes of [the section 667, subdivision (a)(1)] enhancement . . . , or to strike the punishment for the enhancement under this section, pursuant to section 1385."

By order filed February 19, 2020 and without a hearing or notice to defendant, the trial court declined to recall defendant's sentence. "While . . . recogniz[ing] that a recommendation from the secretary of CDCR [gave it] the authority to recall [the] sentence," the court declined to do so because the judgment of conviction had long been final when "S[enate Bill No.] 1393 gave trial courts the authority to stay or strike the punishment for [prior serious felony conviction] enhancements" and Senate Bill No. 1393 does not apply retroactively to final cases.

Defendant timely appealed.

## II.    DISCUSSION

On appeal, defendant argues that the trial court erred by refusing to exercise its discretion and instead announcing a policy of not recalling any sentence where doing so would permit the defendant to benefit from an ameliorative change in the law enacted after his or her judgment was final.  Defendant further contends that the trial court violated his federal due process rights by declining to recall his sentence without giving him notice or an opportunity to be heard.  Lastly, defendant argues he is entitled to remand and reconsideration in light of Assembly Bill No. 1540, which changed the standards and procedures for considering recall and resentencing recommendations.

The Attorney General does not address defendant's first two claims of error but concedes that reversal is appropriate for reconsideration under the new legislation.  The Attorney General states that Assembly Bill No. 1540 "does not appear . . . [to] apply retroactively" to prior rulings—like the one made below—but that "considerations of judicial efficiency may counsel in favor of simply applying the new statutory terms

3

regardless of the merits of appellant's present claims" because the Secretary could recommend recall again, in which case the new law would apply.

### A. Legal Principles

#### 1. Former Section 1170, subdivision (*d*)

At the time the appealed-from order was issued, section 1170, subdivision (d)(1) provided: "When a defendant subject to this section or subdivision (b) of [s]ection 1168 has been sentenced to be imprisoned in the state prison or a county jail pursuant to subdivision (h) and has been committed to the custody of the secretary or the county correctional administrator, the court may . . . at any time upon the recommendation of the secretary . . . recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if he or she had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence. The court resentencing under this subdivision shall apply the sentencing rules of the Judicial Council so as to eliminate disparity of sentences and to promote uniformity of sentencing. The court resentencing under this paragraph may reduce a defendant's term of imprisonment and modify the judgment, including a judgment entered after a plea agreement, if it is in the interest of justice. The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice. Credit shall be given for time served." (Stats. 2018, ch. 1001, § 1.)

#### 2. Assembly Bill No. 1540

While this appeal was pending, the Legislature enacted Assembly Bill No. 1540. Effective January 1, 2022, that legislation relocated the recall and resentencing provisions from section 1170, subdivision (d)(1) to a new provision—section 1170.03—and made a

4

number of changes to the governing law. Specifically, section 1170.03 adds a number of procedural requirements to the recall and resentencing process, including notice, appointment of counsel, a hearing, and a statement of reasons for the ruling on the record. (§ 1170.03, subd. (a)(6) & (8), (b)(1).) The new statute also provides that where, as here, the recall and resentencing recommendation is made by the CDCR, "[t]here shall be a presumption favoring recall and resentencing of the defendant, which may only be overcome if a court finds the defendant is an unreasonable risk of danger to public safety, as defined in subdivision (c) of [s]ection 1170.18." (§ 1170.03, subd. (b)(2).) Section 1170.03 also expressly provides that "[t]he court, in recalling and resentencing under this subdivision, shall . . . apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1170.03, subd. (a)(2).)

In the findings and declarations set forth in Assembly Bill No. 1540, the Legislature explicitly stated its intent "for judges to recognize the scrutiny that has already been brought to . . . referrals [for resentencing] by the referring entity, and to ensure that each referral be granted the court's consideration by setting an initial status conference, recalling the sentence, and providing the opportunity for resentencing for every felony conviction referred by one of these entities." (Stats. 2021, ch. 719, § 1, subd. (h).) The Legislature also expressed an intent "that resentencing proceedings pursuant to [s]ection 1170.03 of the Penal Code apply ameliorative laws passed by this body that reduce sentences or provide for judicial discretion, regardless of the date of the offense or conviction." (*Id*., subd. (i).)

### B.    Analysis

The trial court declined CDCR's recall and resentencing recommendation based on the court's view that Senate Bill No. 1393 should not be applied retroactively to cases—such as defendant's—that were final at the time of its enactment. That may have been error under the law in effect at the time of the court's ruling. (See *People v.*

5

*Pillsbury* (2021) 69 Cal.App.5th 776, 782 [applying former section 1170, subd. (d) and holding that, "upon the recommendation of the Secretary of CDCR . . . , trial courts have the authority to recall and resentence defendants based on post-judgment changes in the law giving courts discretion to strike or dismiss enhancements, even when the judgment in the case is long since final"]; *People v. Cepeda* (2021) 70 Cal.App.5th 456, 461-469 [same].)  If the court did err, reversal and remand is required.[2]

If, on the other hand, prior law did not require application of post-final-judgment ameliorative sentencing law changes in the context of recall and resentencing, then the trial court did not err.  However, in that circumstance, section 1170.03 changed the law by imposing such a requirement.  (§ 1170.03, subd. (a)(2) ["[t]he court, in recalling and resentencing under this subdivision, shall . . . apply any changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing"].)  And, for the reasons discussed below, that change is an ameliorative change to the criminal law that applies retroactively to nonfinal cases under *In re Estrada* (1965) 63 Cal.2d 740.

"The Legislature ordinarily makes laws that will apply to events that will occur in the future.  Accordingly, there is a presumption that laws apply prospectively rather than retroactively.  But this presumption against retroactivity is [merely] a canon of statutory interpretation . . . [and] the Legislature can ordinarily enact laws that apply retroactively, either explicitly or by implication."  (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th

---

[2] Our Supreme Court granted review in a case that, contrary to *Pillsbury* and *Cepeda*, held that the trial court properly denied CDCR's request to recall and resentence based on an ameliorative change to the sentencing law.  (*People v. Arnold* (Apr. 28, 2021, B305073) [nonpub. opn.], review granted July 14, 2021, S269172.)  In October 2021, after the Governor signed Assembly Bill No. 1540, the Supreme Court transferred *Arnold* back to the Court of Appeal with directions to vacate its decision and reconsider the cause in light of Assembly Bill No. 1540.  This court has not addressed the issue of whether, in the context of resentencing under former section 1170, subdivision (d), post-final-judgment ameliorative sentencing law changes were to be applied.

299, 307, superseded by statute on other grounds, as stated in *In re M.S.* (2019) 32 Cal.App.5th 1177, 1191.)  Under *Estrada*, we infer that the Legislature " 'ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible,' " including retroactively to nonfinal cases.  (*Id*. at p. 308 quoting *People v. Conley* (2016) 63 Cal.4th 646, 657.)  For purposes of *Estrada*, ameliorative changes to the criminal law include those that lessen punishment for a particular crime, grant the trial court " 'discretion to impose either the same penalty as under the former law or a lesser penalty,' " or "ameliorate[] the possible punishment for a class of persons . . . ."  (*Lara*, *supra*, at p. 308.)  To the extent that former section 1170, subdivision (d) did not require application of post-final-judgment ameliorative sentencing law changes in the context of recall and resentencing, section 1170.03 changed the law by imposing such a requirement.  In cases such as this one, that requirement gives the trial court the discretion to impose a lesser penalty, making the change ameliorative.

In sum, either the trial court erred in its application of former section 1170, subdivision (d), requiring reversal and reconsideration under current law (section 1170.03).  Or the trial court did not err, but section 1170.03 applies retroactively to this nonfinal case, such that defendant is entitled to reversal and reconsideration under that new law.

## III.  DISPOSITION

The order declining to recall defendant's sentence is reversed.  The matter is remanded to the trial court for further proceedings on the recall and resentencing recommendation under newly enacted section 1170.03.

_____

ELIA, J.


WE CONCUR:




_____

GREENWOOD, P.J.




_____

BAMATTRE-MANOUKIAN, J.




*People v. Mendoza*
H048031